WILLIAM R. HARMON, Appellant, *v.* ALFRED PEATS COM-
PANY, Respondent.

Pleading — bill of particulars — Frauds (Statute of) — limi-
tation of actions — bill of particulars an amplification of a
pleading — does not make complaint bad or answer good —
does not cure omission to plead defense of Statute of Frauds —
such defense not applicable to action to recover on quantum
meruit — Statute of Limitations not applicable, in action to
recover balance due for services partly rendered during period
less than six years before commencement of action, where
interest is demanded only from date after termination of work.

1. A bill of particulars is an amplification of a pleading, but has
not, when served after service of an answer, the same effect as if the
allegations had been inserted in the complaint before answer. It does
not, in such circumstances, make the complaint bad or the answer
good, nor does it cure the defendant's omission to plead the defense
of the Statute of Frauds or nullify tho waiver or abandonment of that
defense to be inferred from such omission. It serves merely to explain
and make definite the allegations set forth in the pleading and thus
limits the proof to be offered at the trial.

2. Where a complaint is framed in a double aspect and is broad
enough to permit a recovery on an express contract or on *quantum
meruit*, treating the action as one to recover on the latter ground, the
Statute of Frauds could not apply.

3. In an action to recover a balance alleged to be due for services
rendered during a period commencing more but ending less than
six years prior to the commencement of the action, where interest is
demanded from the first of the month following termination of the
services, the Statute of Limitations does not apply.

*Harmon* v. *Peats Co.*, 216 App. Div. 368, reversed.

(Argued September 27, 1926; decided November 16, 1926.)

APPEAL from a judgment, entered March 15, 1926, upon
an order of the Appellate Division of the Supreme Court
in the first judicial department, which reversed an order
of Special Term denying a motion by defendant for judg-
ment on the pleadings and granted said motion.

*Claude L. Gonnett* for appellant. The Statute of Frauds, not having been pleaded, is not an issue upon which defendant may obtain judgment. (*Matthews* v. *Matthews,* 154 N. Y. 288; *Harris* v. *Shorall,* 230 N. Y. 343; *Seamans* v. *Barentsen,* 180 N. Y. 333.) The Statute of Frauds, had it been properly pleaded, would not constitute a defense. (*Levy* v. *McCartee,* 6 Pet. [U. S.] 102; *Kent* v. *Kent,* 62 N. Y. 560.) The Statute of Limitations, whether pleaded or not, affords no ground for dismissing the complaint upon the pleadings. (Code Civ. Pro. § 413; *Ramme* v. *Long Island R. R. Co.,* 226 N. Y. 327; Civ. Prac. Act, §§ 30, 242; *Murdock* v. *Waterman,* 145 N. Y. 55; *Crown* v. *Gleason,* 141 N. Y. 489.)

*Almet Reed Latson* for respondent. The bill of particulars was properly considered on this motion and it was not necessary for the defendant to plead the Statute of Frauds or the Statute of Limitations before making this motion. (*Dwight* v. *Germania Life Ins. Co.,* 84 N. Y. 493; *Herx & Eddy, Inc.,* v. *Carlson,* 210 App. Div. 417; *All American Securities Co., Inc.,* v. *Foundation Co.,* 211 App. Div. 684; *Seamans* v. *Barentsen,* 180 N. Y. 333; *Magee* v. *Fish,* 175 App. Div. 125; *Garfunkle* v. *Malcolmson,* 217 App. Div. 632.)

McLAUGHLIN, J. This action was brought to recover the value of work, labor and services. The complaint alleged that " heretofore and during the years 1916 and 1923, plaintiff at defendant's request performed certain work, labor and services at the agreed price of the reasonable value of seventy thousand ($70,000) dollars, which the defendant promised and agreed to pay;" that the same had not been paid or any part thereof except $56,500 and there remained due the balance of $13,500 with interest thereon from the first day of August, 1923, for which sum judgment was demanded.

The answer was substantially a general denial. After

it had been interposed the defendant demanded a bill of particulars and such demand was complied with. The bill of particulars stated that the services were performed by the plaintiff and that the same were rendered " during the period commencing in July, 1916, and ending July, 1923; " that the agreement to pay was made in Chicago where the services were principally performed. After the bill of particulars had been served the defendant moved, under section 476 of the Civil Practice Act, on the complaint, answer and bill of particulars, for judgment dismissing the complaint. The motion was denied and an appeal from the order denying the same was taken to the Appellate Division where the order was reversed and the motion granted. Appeal to this court followed.

The respondent contended that the action could not be maintained since the cause of action attempted to be set forth was barred by the Statute of Frauds and also by the Statute of Limitations.

The court at Special Term held that the facts showing that the cause of action was thus barred were not set forth in the answer and, therefore, no ground was presented on the motion for judgment on the pleadings which justified a dismissal of the complaint. The Appellate Division, however, held that the invalidity of the contract sued on appeared from the complaint itself when read in connection with the bill of particulars; that the defense of the Statute of Frauds or the Statute of Limitations could be raised by demurrer or, under the Civil Practice Act, by motion for judgment on the pleadings as amplified by the bill of particulars; that on such motion the complaint and the bill of particulars must be read together and, when so read, they are deemed to constitute one pleading; that the contract, taking the allegations of the complaint and the allegations of the bill of particulars, showed that it was an oral one and, therefore, could not be enforced.

The Appellate Division, as appears from the opinion

delivered, misapprehended the purpose and object of a bill of particulars. It has many times been held that a bill of particulars is an amplification of à pleading. This does not mean, however, that a bill of particulars served like this one after service of an answer has the same effect as if the allegations had been inserted in the complaint before answer. A bill of particulars in such circumstances does not make the complaint bad or the answer good. It does not cure the defendant's omission to plead the defense of the Statute of Frauds or nullify the waiver or abandonment of that defense to be inferred from such omission. It serves merely to explain and make definite the allegations set forth in the pleading and thus limits the proof to be offered at the trial. (*Matthews* v. *Hubbard,* 47 N. Y. 428.) The authorities cited in the opinion of the Appellate Division have no application to the question here presented.

The complaint in the present case is framed in a double aspect. It is broad enough to permit a recovery on an express contract or on *quantum meruit.* So far as a contract is concerned, the Statute of Frauds or the Statute of Limitations would be relevant but not if a recovery be sought on *quantum meruit.* Treating the action as one to recover on *quantum meruit* the Statute of Frauds could not apply.

According to the allegations of the complaint, as explained by the bill of particulars, the services were rendered during the period commencing in July, 1916, and ending July, 1923. Interest is demanded from the first of August, 1923. The Statute of Limitations, therefore, does not apply.

It follows that the order of the Appellate Division should be reversed and that of the Special Term affirmed, with costs in this court and in the Appellate Division.

Hɪꜱᴄᴏᴄᴋ, Ch. J., Cᴀʀᴅᴏᴢᴏ, Pᴏᴜɴᴅ, Cʀᴀɴᴇ and Aɴᴅʀᴇᴡꜱ, JJ., concur; Lᴇʜᴍᴀɴ, J., absent.

Ordered accordingly.