EDWARD ZINCO, Plaintiff, *v.* HUGO REISENFELD and Another, Defendants.

Supreme Court, New York County, May 9, 1927.

**Master and servant — contract of employment — defendants orally hired plaintiff and thereafter agreed to execute written agreement in which one defendant's name would not appear — plaintiff sues defendants jointly — whether or not parties intended oral agreement to subsist as binding obligation is question of fact — defendant whose name did not appear in written agreement not entitled to judgment on pleadings — Statute of Frauds no defense.**

The two defendants herein after orally hiring plaintiff agreed " that plaintiff should execute an agreement in writing embodying the understanding of the parties \* \* \* but that such agreement be executed " so that one defendant's name would not appear therein. The agreement was executed and plaintiff sues defendants jointly for the reasonable value of the services under the agreement. The defendant, whose name did not appear in the written agreement, cannot have judgment on the pleadings, since whether or not the parties intended the oral agreement to subsist as a binding obligation or whether such intention is to be imputed to them are questions of fact which must be determined on the trial; if the plaintiff can show that a joint obligation was assumed though the agreement was oral, there is nothing to show that that agreement was in any way nullified or superseded by the simultaneous agreement concerning the writing to be executed by one of the defendants.

Moreover, if the agreement was joint, the Statute of Frauds would not preclude recovery against the defendant who moves for judgment on the pleadings.

MOTION by defendant Reisenfeld for judgment on the pleadings.

*Albert Falck* [*Nathan Burkan* of counsel], for the motion.

*Meyer Greenberg,* opposed.

CHURCHILL, J.    Plaintiff sues two defendants for the reasonable value of services rendered under an agreement alleged to have been made by them jointly.    The complaint does not show whether the agreement was oral or in writing.    The bill of particulars says that it was oral but that by its terms it was provided " that plaintiff should execute an agreement in writing embodying the understanding of the parties hereto, but that such agreement be executed on the part of the defendants solely by the defendant Stewart, so that defendant Reisenfeld's name should not appear therein."    The agreement was accordingly so executed under seal by plaintiff and defendant Stewart.    The defendant Reisenfeld now moves for judgment on the pleadings.

I think the motion must be denied.    The complaint, as amplified by the bill of particulars, shows an oral agreement by both defendants.    It shows performance, or part performance, pursuant to that agreement.    The fact that it was further agreed that the oral contract should be reduced to writing and signed by one of the defendants only, does not justify me in holding, as matter of law, that the only binding obligation was intended to be the one evidenced by the writing.    The oral agreement of the other defendant may still have been intended to subsist as a binding obligation.    Whether or not the parties so intended, or whether such intention is to be imputed to them, are questions of fact which must be determined on the trial.    (See *Ronginsky* v. *Freudenthal,* 134 App. Div. 422; *U. S.* v. *Carlin Const. Co.,* 224 Fed. 859; *Massee* v. *Gibbs,* 169 Minn. 100; 210 N. W. 872; *Pratt* v. *Hudson River R. R. Co.,* 21 N. Y. 305.)    In other words, if plaintiff can show that a joint obligation was assumed, though the agreement was oral, there is nothing to show that that agreement was in any way nullified or superseded by the simultaneous agreement concerning the writing to be executed by one of the defendants.    If the agreement was joint the Statute of Frauds would not prevent recovery against the moving defendant of the value of services actually rendered. (*Harmon* v. *Peats Co.,* 243 N. Y. 473.)

The motion is denied, with ten dollars costs.