THEODORE W. SECKENDORFF, Appellant, *v.* HALSEY, STUART & Co., INCORPORATED, and Others, Respondents.*

First Department, April 11, 1930.

George Gordon Battle of counsel [Ludlow S. Fowler and Pearson E. Neaman with him on the brief; Battle, Miller, Levy & Van Tine, attorneys], for the appellant.

Edward K. Hanlon of counsel [Harold H. Corbin, William Ferguson and Edward J. Bennett with him on the brief; Beekman, Bogue & Clark, attorneys, for Halsey, Stuart & Co., Incorporated, William R. Compton Company and Hambleton & Co., Inc.; Elmer W. Maher, attorney, for A. B. Leach & Co., Inc.; S. Stanwood Menken, attorney, for Rogers, Caldwell & Co., Inc.], for the respondents.

SHERMAN, J.   Plaintiff sues Rogers, Caldwell & Co., Inc., and four additional defendants for commissions earned.   The complaint has been dismissed in advance of trial upon defendants' motion.   The answer alleges as a separate affirmative defense that the services rendered were those of a real estate broker as defined in section 440 of the Real Property Law,■ and that no recovery may be had because plaintiff was not a licensed broker.   The reply to this defense admits that plaintiff was not a licensed real estate broker but denies that the services performed were those of a broker.   Respondents' position is that the denial in the reply is effaced by the averments of the complaint and bill of particulars, so that it conclusively appears on their face that plaintiff is seeking compensation only for services in negotiating a loan secured by a lien on real estate. The complaint sets forth a written contract being a letter signed by defendant Rogers, Caldwell & Co., referring to the proposed financing of the Wardman properties at Washington, D. C., which plaintiff brought to said defendant's attention, and stating that in the event of said defendant's financing the same, it and its associates would pay to plaintiff an " originating commission " of one per cent of the par value of such securities as they might purchase for

distribution to the public and also two per cent of any securities which they might receive as a bonus. Plaintiff originated the project and seeks payment for his services in so doing.

The securities ultimately issued were of two kinds — mortgage bonds and debentures. Defendants had the right to select the form of securities to be issued if they undertook the financing. It may not be held that they are without liability upon an express engagement to pay an originating commission merely, because they subsequently decided that the financing was to be in part through bonds secured by a mortgage lien. The denial in the reply raises the issue whether or not plaintiff's services consisted of negotiations to that end. That question of fact must be determined upon a trial. Obviously, if plaintiff did not, as he asserts, negotiate for a loan on real estate secured or to be secured by a mortgage, his right to compensation is not defeated by the statute. (*Chapman & Co.* v. *Cornelius,* 39 F. [2d] 555, U. S. Circuit Court of Appeals, Second Circuit, decided March 3, 1930; *Shaffer* v. *Beinhorn,* 190 Cal. 569; *Stout* v. *Kennelly, Inc.,* 218 App. Div. 385.)

The judgment and order appealed from should be reversed, with costs, and the motion denied, with ten dollars costs.

DOWLING, P. J., MERRELL, FINCH and MARTIN, JJ., concur.

Judgment and order reversed, with costs, and motion denied, with ten dollars costs.