KATHERINE SEITZ, Plaintiff, *v.* JOSEPH C. TROIDL and Others, Defendants.

Supreme Court, Erie County, June 28, 1939.

*Vincent T. Ray*, for the plaintiff.

*Alger A. Williams*, for the defendants.

HARRIS, J. Motion to dismiss the complaint under rule 106 of the Rules of Civil Practice, for the insufficiency of facts as stated in the complaint to constitute a cause of action.

After the usual statements of residence, the allegations of the complaint may be stated as follows: From the year 1935 until September, 1938, the plaintiff was continuously licensed by the State of New York as a real estate salesman and was in the employ of a real estate broker in the city of Buffalo. The defendant Troidl was engaged as a contractor in constructing dwellings, the defendant Joseph Wright held title to the dwellings, and the moneys received from the sale of dwellings and contracts made in reference to the same, were held in the name of the defendant Henry Wright. On or about the 1st day of June, 1938, the three named defendants entered into an agreement with the plaintiff, by reason of which agreement the parties thereto covenanted that the plaintiff was to surrender her license as a real estate salesman and was to leave the employ of her broker and to devote herself to showing to prospective customers certain dwellings constructed by and owned by the defendants, and to interest such persons in the purchase of the dwellings and to enter into building contracts for

the construction of dwellings. The defendants were to pay to the plaintiff the sum of $300 for each such contract. Pursuant to such contract, and between June 1, 1938, and March 1, 1939, the plaintiff showed such dwellings to prospective purchasers and interested two persons in purchasing houses, these two persons contracting to purchase such houses, and the plaintiff further interested seven persons in contracts with the defendants for the construction of dwellings, and following such activities of the plaintiff such seven persons did contract with the defendants for the construction of dwellings. In her recital of the amount of damages the plaintiff alleges the earning under the above-mentioned contract of the sum of $2,700, and that $600 thereof was paid on account, and she demands judgment for the remaining sum of $2,100.

The defendants' attack on the complaint is based on their contention that the complaint alleges an action for the recovery of compensation for services coming within the application of article 12-A of the Real Property Law of the State of New York, and that as the complaint does not set forth as required by section 442-d of such article that the plaintiff was a duly licensed real estate broker when her cause of action arose she is barred by the provisions of section 442-a from receiving compensation from the defendants on the contract alleged in the complaint. The following sections of such article 12-A of the Real Property Law are applicable to the motion at bar:

" § 440. Whenever used in this article ' real estate broker ' means any person, firm or corporation, who, for another and for a fee, commission or other valuable consideration, lists for sale, sells, exchanges, buys or rents, or offers or attempts to negotiate a sale, exchange, purchase or rental of an estate or interest in real estate, or collects or offers or attempts to collect rent for the use of real estate, or negotiates, or offers or attempts to negotiate, a loan secured or to be secured by a mortgage or other incumbrance upon or transfer of real estate.

" ' Real estate salesman ' means a person employed by a licensed real estate broker to list for sale, sell or offer for sale, to buy or offer to buy or to negotiate the purchase or sale or exchange of real estate, or to negotiate a loan on real estate, or to lease or rent or offer to lease, rent or place for rent any real estate, or collects or offers or attempts to collect rent for the use of real estate for or in behalf of such real estate broker.

" § 440-a. No person * * * shall engage in or follow the business or occupation of, or hold himself * * * or act temporarily or otherwise as a real estate broker or real estate salesman in this state without first procuring a license therefor as provided in this article.

" § 442-a. No real estate salesman in any place in which this article is applicable shall receive or demand compensation of any kind from any person, other than a duly licensed real estate broker regularly employing the salesman, for any service rendered or work done by such salesman in the appraising, buying, selling, exchanging, leasing, renting or negotiating of a loan upon any real estate.

" § 442-d. No person, copartnership or corporation shall bring or maintain an action in any court of this state for the recovery of compensation for services rendered, in any place in which this article is applicable, in the buying, selling, exchanging, leasing, renting, or negotiating a loan upon any real estate without alleging and proving that such person was a duly licensed real estate broker or real estate salesman on the date when the alleged cause of action arose."

The plaintiff has argued that the services set forth in the complaint are not the services of a real estate broker or of a real estate salesman and that the contract on which she seeks to recover is not one within the prohibitions of the sections above quoted. Her position on the argument is that she was to show property and to interest the persons in entering into contracts for the construction of buildings and that these are activities outside of those which the Legislature intended to control by the requirement of license.

I am of the opinion that the plaintiff in her statement of facts has set forth sufficient to warrant going to the jury if she can establish the facts as set forth in the complaint. The employment was not one which included any of the following transactions: " appraising, buying, selling, exchanging, leasing * * * or negotiating of a loan upon any real estate." It was the acting as a go-between to procure contracts which are not covered by the activities just above named. (See *Seckendorff* v. *Halsey, Stuart & Co., Inc.*, 229 App. Div. 318; *Stout* v. *Kennelly, Inc.*, 218 id. 385; Opinions of the Attorney-General [1930] p. 181.)

It may be that on trial the plaintiff will be unable to prove that the transactions for which she seeks compensation were not without the prohibitions of the statute to which reference is made above, and it may be on trial at least certain of the parts of the complaint for that reason will be bad in law, but on this motion the court must consider the complaint in its entirety and not dismiss the same unless it is clear that as matter of law no cause of action is alleged. (*Bush* v. *Murray*, 209 App. Div. 563; *Leary* v. *City of New York*, 240 id. 911; *Dyer* v. *Broadway Central Bank*, 252 N. Y. 430.)

The motion is denied.