VICTOR H. GRAYMOUNT, Plaintiff, *v.* ELSE F. SCHLEMMER et al., Defendants.

Supreme Court, Special Term, New York County, October 15, 1953.

*Lipkowitz, Plaut & Lewis* for defendants.

*John F. Davidson* for plaintiff.

IRVING L. LEVEY, J. Plaintiff seeks recovery for services alleged to have been rendered to the defendant Schlemmer in connection with " endeavoring to procure and procuring a purchaser for certain personal property owned by said defendant ", consisting of a stock interest in a business.

Admittedly, there was no written contract or memorandum between the parties, and the plaintiff, apparently with this in mind, attempts now to establish his claim on the basis of an implied contract to pay the reasonable value of his services.

Unfortunately for the plaintiff, however, subdivision 10, of section 31 of the Personal Property Law, as amended as recently as 1949, acts as an effective bar to success in his behalf.

To permit recovery on the theory advanced by the plaintiff would, in effect, nullify the purposes of the statute, the language of which is so clear and unambiguous that it warrants not the slightest deviation.

Even the recommendation of the Law Revision Commission in urging its enactment explicitly indicated the intent of the section: " Its purpose is to provide that contracts or agreements for the compensation of business brokers must be evidenced by a memorandum in writing and signed by the party to be charged." (1949 Report of N. Y. Law Revision Commission, p. 613.)

Accordingly, the motion for summary judgment is granted.