Francis X. Conlon, J.
This is a motion to strike out various defenses as insufficient. Such a motion searches the record and requires consideration of the sufficiency of the complaint. Although the Statute of Frauds might bar recovery in a suit to recover brokerage commissions, the statute does not bar an action in quantum meruit to recover the reasonable value of services performed at defendant’s request (Gibson v. Archer Prods., 281 App. Div. 661; Potter v. Emerol Mfg. Co., 275 App. Div. 265; Elsfelder v. Cournand, 270 App. Div. 162, 165; Smith v. Graham, 279 App. Div. 1051; N. Y. L. J., Nov. 22, 1955, p. 4, col. 1; Spring v. Moncrieff, N. Y. L. J., Sept. 6, 1955, p. 7, col. 2). The case of Graymount v. Schlemmer (204 Misc. 667, affd. 283 App. Div. 859) is clearly distinguishable. The affirmance there was expressly on the ground that the answering papers had presented no triable issue. Furthermore, in the Graymount case *992 there was no proof of circumstances from which a liability to pay the value of the services rendered could be implied. It is true that an agreement void under the Statute of Frauds may not form the foundation of a recovery in quantum meruit (Potter v. Emerol Mfg. Co., supra). Although the present complaint does allege a promise to pay, such allegation is not essential to plaintiff’s recovery, for the allegation that the services were performed at defendant’s request is sufficient to make out a good cause of action in quantum meruit, on the theory of an implied promise to pay. The allegation of an express promise to pay may, perhaps, be subject to a motion to strike it from the complaint, but the pleading is nevertheless sufficient.
The action being in quantum meruit, the defenses of the Statute of Frauds are insufficient. (Smith v. Graham, supra.) The defense that a real estate broker’s license was required is also insufficient. (Weingast v. Rialto Pastry Shop, 243 N. Y. 113.)
Motion granted.