**Harry KUFFLER, Plaintiff,**

v.

**Albert A. LIST, Defendant.**

United States District Court
S. D. New York.

Oct. 2, 1956.

Schreiber, Klein & Opton, New York City, for plaintiff, Copal Mintz, Robert J. Sands, New York City, of counsel.

O'Brien, Driscoll & Raftery, New York City, for defendant, Arthur F. Driscoll, William D. Friedmann, New York City, of counsel.

DAWSON, District Judge.

This is a motion by the defendant under Rule 56 of the Rules of Civil Procedure, 28 U.S.C.A. for summary judgment on the principal ground that the two causes of action alleged in the complaint are unenforceable because of the provisions of § 31 of the Personal Property Law of the State of New York, McK. Consol.Laws, c. 41.

The first cause of action alleged in the complaint asserts that the plaintiff suggested to defendant that defendant acquire a block of approximately 930,000 shares of RKO Theatres Corporation, then owned or controlled by one Howard Hughes; that defendant requested plaintiff to bring him together with a person or persons who would approach Howard Hughes on the matter and that

"it was agreed between defendant and said Kuffler that if the latter would bring defendant together with such person, and if thereafter such person should be successful, directly or indirectly, in negotiating for

and ultimately bringing about the acquisition by defendant or by defendant's designees of the approximately 930,000 shares of R. K. O. Theatres Corporation stock owned and/or controlled by said Howard Hughes, defendant would pay to plaintiff's assignor, as and for their services in suggesting to defendant the acquisition of such stock and in bringing to defendant someone who could and would negotiate for the acquisition of such stock for him, an amount equal to regular stock brokerage commissions at Stock Exchange rates on such purchase, irrespective of whether said stock, then owned and/or controlled by said Howard Hughes, were bought through the New York Stock Exchange or were purchased at private sale."

The first cause of action, which sounds in contract, seeks $89,350 because of the alleged refusal of defendant to pay the amount allegedly agreed upon.

The second cause of action asserts an action for work, labor and services on the allegation that Kuffler performed certain services for defendant, at defendant's instance and request, in connection with the acquisition of the aforesaid shares of stock; and asserts that the reasonable value of the services was $89,-350.

It is conceded by both sides that the contract alleged in the first cause of action and the request alleged in the second cause of action were oral, and that no note or memorandum thereof was in writing or subscribed by defendant. It is also conceded that the contract or request, if made, was made in New York.

Section 31 of the Personal Property Law of the State of New York provides, in part:

"Every agreement, promise or undertaking is void, unless it or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith, or by his lawful agent, if such agreement, promise or undertaking;

\* \* \* \* \* \*

"10. Is a contract to pay compensation for services rendered in negotiating a loan, or in negotiating the purchase, sale, exchange, renting or leasing of any real estate or interest therein, or of a business opportunity, business, its good will, inventory, fixtures or an interest therein, including a majority of the voting stock interest in a corporation and including the creating of a partnership interest. This provision shall not apply to a contract to pay compensation to an auctioneer, an attorney at law, or a duly licensed real estate broker or real estate salesman."

The questions presented are: (1) Was the contract alleged in the first cause of action a contract which, under the terms of this statute, was void unless it was in writing; and (2) Is this statute applicable to a cause of action based not upon the contract but brought in quantum meruit to recover for services rendered?

In determining these questions, the Court must, of course, be guided by the interpretation of the statute by the Courts of the State of New York.

The answer to the second question is simple. The Appellate Division of the New York Supreme Court, as recently as 1952, has held in a per curiam opinion that § 31 of the Personal Property Law does not constitute a defense to an action brought in quantum meruit to recover for services rendered. Gibson v. Archer Productions, Inc., 1st Dept. 281 App.Div. 661, 117 N.Y.S.2d 438. This opinion is in accordance with the opinion of the Court of Appeals of the State of New York in Harmon v. Alfred Peats Co., 1926, 243 N.Y. 473, 154 N.E. 314. See also Spring v. Moncrieff, Sup.1955, 208 Misc. 671, 144 N.Y.S.2d 664.

When we come to a consideration of the first question, we find that the law has not been definitely decided by the New York Courts. Subdivision 10 of § 31 was added to the New York Statute of Frauds in 1949. The purpose was, as stated by the Law Revision Commission, to " 'provide that contracts or agreements for the compensation of business brokers must be evidenced by a memorandum in writing and signed by the party to be charged.' " See New York Personal Property Law, § 31 note.

The only part of this section which might be deemed applicable to the present action is that which requires a contract to be in writing if it is a contract to pay compensation for "services rendered \* \* \* in negotiating the purchase \* \* \* of a business opportunity \* \* \* including a majority of the voting stock interest in a corporation."

Plaintiff contends that the oral contract which he is asserting did not contemplate services by him in negotiating the purchase of stock. He states in his affidavit on this motion:

"Furthermore, I wish to emphasize that I did not undertake to negotiate the purchase from Howard Hughes or the Irving Trust Company, and do not claim to have had any negotiations with them or either of them, or any parties representing them. I put the defendant in touch with the person who was in a position effectively and successfully to negotiate and consummate in behalf of the defendant. My agreement with the defendant was that for that service—and for suggesting to defendant the acquisition of the R. K. O. Theatre stock and the instrumentality through which to accomplish it—he was to pay me, if and when he thereby became a purchaser, the equivalent of stock brokerage on the shares thus purchased."

Plaintiff is therefore contending that the oral contract was not a contract to negotiate but a contract to compensate him if he could get for the defendant someone who could successfully do the negotiating. There is a difference between finding business for others to do and acting as a broker in doing the business. P. W. Chapman & Co. v. Cornelius, 2 Cir., 1930, 39 F.2d 555; Knauss v. Gottfried Krueger Brewing Co., 1894,

142 N.Y. 70, 36 N.E. 867. Thus, an agreement to pay an "originating commission" is quite different from an agreement to pay a commission for negotiating a transaction. Seckendorff v. Halsey, Stuart & Co., 1st Dept. 1930, 229 App. Div. 318, 241 N.Y.S. 300.

■ Whether the oral contract claimed by the plaintiff is one which fell in one or the other of these two categories presents a question of fact which should not be decided on affidavits, but should await determination at a trial where the parties will be subject to examination and cross-examination. It may be that it will develop that the oral contract agreed on was a contract for services in negotiating the purchase of a business opportunity. However, this is not a matter which can be determined on a motion for summary judgment because it presents an issue of fact as to exactly what the contract was, if any, on which the plaintiff intends to rely. The defense of the statute of frauds can then be presented at the trial and determined in the light of the testimony at the trial.

The motion is denied.

So ordered.