Arthur Wachtel, J.
This is a motion for summary judgment dismissing the plaintiff’s complaint upon the ground that the action is upon an oral agreement to pay compensation for services rendered in leasing real estate and is accordingly unenforcible pursuant to subdivisions 1 and 10 of section 31 of the Personal Property Law. The indorsement on the summons states: “Action for work, labor and services rendered at the specific instance and request of the defendant; reasonable value, $3,000; payment duly demanded but refused. ’ ’
Subdivision 10 was added by chapter 203 of the Laws of 1949, effective September 1, 1949, upon the recommendation of the Law Revision Commission (N. Y. Legis. Doc., 1949, No. 65 [G]). It provides: “ § 31. Agreements required to be in writing.
‘1 Every agreement, promise or undertaking is void, unless it or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith, or by his lawful agent, if such agreement, promise or undertaking: * * * 10. Is a contract to pay compensation for services rendered in negotiating a loan, or in negotiating the purchase, sale, exchange, renting or leasing of any real estate or interest therein, or of a business opportunity, business, its good will, inventory, fixtures or an interest therein, including a majority of the voting stock interest in a corporation and including the creating of a partnership interest. This provision shall not apply to a contract to pay compensation to an auctioneer, an attorney at law, or a duly licensed real estate broker or real estate salesman.” Defendant relies, in support of his contention, upon the case of Shapiro v. Bromberg (198 Misc. 213), after the adoption of subdivision 10. In that case, the indorsement on the summons merely alleged a claim for services without specifying whether it was based on an agreement. The plaintiff’s bill of particulars, however, sets forth that the services claimed were pursuant to an agreement of employment which was oral. The court held that the cause of action on an express contract was unenforeible because of the Statute of Frauds but gave the plaintiff leave to serve an amended complaint to plead quantum meruit, on the authority *704 of Elsfelder v. Cournand (270 App. Div. 162). In the Elsf elder case, the plaintiff .alleged an agreement which the court held unenforcible because of the Statute of Frauds but gave the plaintiff leave to amend the complaint so as to plead quantum meruit. As the court said (p. 165):
‘ ‘ Where, as here, an express contract is unenforcible by reason of the Statute of Frauds, a party to the agreement may be entitled to reasonable compensation for services actually rendered by him. (Galvin v. Prentice, 45 N. Y. 162; Harmon v. Peats Co., 243 N. Y. 473.) If the employee is to proceed on this theory he must disregard the contract and treat it as a nullity. He must sue not upon the theory of a special contract but upon a claim for the reasonable value of his services. (Parver v. MatthewsKadetsky Co., Inc., 242 App. Div. 1.)
“ Respondent may not defeat appellant’s motion for summary judgment because he may have a cause of action different from the one set forth in the complaint. (Cohen v. City Company of New York, 283 N. Y. 112.) Though appellant has shown a clear right to summary judgment upon the cause of action pleaded, we think that respondent should be afforded an opportunity, if so advised, to serve an amended complaint setting forth a claim for compensation upon a quantum meruit basis.”
Although the Elsf elder case was decided in December, 1945, before the adoption of subdivision 10, it has been followed with approval by the Appellate Division, First Department in Potter v. Emerol Mfg. Co. (275 App. Div. 265, 268 [May, 1949]); Tenenbaum v. Glanz (276 App. Div. 834 [Dec. 1949]); Gibson v. Archer Prods. (281 App. Div. 661 [Dec. 1952]) and in the Supreme Court, New York County (Grattan v. Societa Cantoni, 2 Misc 2d 861, 869 [April, 1956]) and in the Supreme Court, Bronx County (Brand v. Gromet, 3 Misc 2d 991, 992 [Jan. 1956]) wherein the court distinguished Graymount v. Schlemmer (204 Misc. 667, affd. 283 App. Div. 859).
In the case at bar, the indorsement on the summons pleads quantum meruit. The bill of particulars sets forth the details concerning this claim based on quantum meruit and also a claim upon an alleged oral agreement. The latter claim upon the alleged oral agreement is not enforcible because of the Statute of Frauds. The complaint requires no amendment but the bill of particulars states a cause of action not pleaded in the complaint and not enforcible. In order to avoid a multiplicity of motions and to provide ‘ ‘ for such other and further relief as to the court may appear proper in the premises,” in accordance with the notice of motion herein, this court directs that para *705 graph 4 of the plaintiff’s bill of particulars be deemed stricken and so much of paragraph 8 of the bill of particulars which refers to “ express agreement of the defendant,” be stricken.
In view of the above finding, it is unnecessary to consider the application of subdivision 1 of section 31 of the Personal Property Law. Motion denied. Amended bill of particulars shall be filed. Settle order on notice.