Chandler Wells, Appellant, v. Harry M. Dent, Respondent.

Fourth Department, July 12, 1957.

*Frank G. Raichle* and *Arnold Weiss* for appellant.

*Clarence R. Runals* for respondent.

McCurn, P. J. This appeal is from an order and a judgment dismissing the plaintiff's complaint upon a motion, pursuant to rule 112 of the Rules of Civil Practice and section 476 of the Civil Practice Act upon the ground that the causes of action set forth in the complaint are barred by the Statute of Frauds (Personal Property Law, § 31, subd. 10).

The first cause of action set forth in plaintiff's complaint is upon an express oral contract for services rendered by the plaintiff in connection with a transaction which resulted in the exchange of corporate stock of Durez Plastics & Chemicals, Inc., owned by the defendant and his associates and stock of Hooker Electro-Chemical Company. The second cause of action is based upon *quantum meruit.*

"Although the notice of motion for judgment on the pleadings is directed against the entire complaint, counsel in their respective briefs have regarded it as a motion aimed at each cause of action separately ", and we will treat it in that light (*Demuth* v. *Griffin,* 253 App. Div. 399, 402–403).

It is alleged in the complaint that: "between December 11, 1954, and the date of the commencement of this action, plaintiff, at the special instance and request of defendant, performed certain work, labor and services for defendant and those in association with him, which work, labor and services included acting as agent for defendant and those in association with him and finding, contacting and interesting Hooker in entering into negotiations with Durez and defendant and those in association with him, with respect to a transaction which resulted in an exchange of stock of Durez owned by defendant and his associates for stock of Hooker Consolidated."

We accept as true not only the material allegations of fact contained in the complaint but also those contained in the bill of particulars (*Green* v. *Doniger,* 300 N. Y. 238, 241). The bill of particulars in answer to a demand to state the nature of the work, labor and services alleged to have been performed states: "2. The work, labor and services performed by plaintiff included finding and locating Hooker Electro-Chemical Company ('Hooker'); suggesting Hooker to defendant; contacting and interesting Hooker; research studies and preparation; travel and thought, and generally acting as agent for defendant and his associates with respect to a desired transaction by which Hooker would acquire by exchange or otherwise, the capital stock of Durez owned by defendant and his associates and give to defendant and his associates, stock of Hooker or stock of a new consolidated corporation ('Hooker Consolidated') and which said transaction did so finally result and was so consummated."

Subdivision 10 of section 31 of the Personal Property Law provides in substance that an agreement not in writing is void if it "Is a contract to pay compensation for services rendered in negotiating * * * the purchase, sale, exchange * * * of a business opportunity, business * * * or an interest therein ". Subdivision 10 of section 31 of the Personal Property Law was added by chapter 203 of the Laws of 1949 and by its plain language applies to a contract for compensation for services rendered in *negotiating* a sale, purchase, exchange, etc. For sometime prior thereto our courts had recognized the difference between a contract for a broker's commission for services rendered in negotiating a sale or exchange and a con-

tract for an "originating commission" for services rendered in bringing a possible buyer or seller together (see *Knauss* v. *Krueger Brewing Co.*, 142 N. Y. 70; *Seckendorff* v. *Halsey, Stuart & Co.*, 229 App. Div. 318).

Plaintiff insists that the allegations of his complaint implemented by his bill of particulars state a cause of action for a so-called "originating commission" and that he does not seek to recover compensation for negotiating a sale or exchange. Viewing the allegations of the complaint as true and construing such allegations in the light most favorable to the plaintiff, we conclude that such allegations are broad enough to permit proof of an oral contract not within the condemnation of subdivision 10 of section 31 of the Personal Property Law.

We conclude that the motion to dismiss the first cause of action should not have been granted upon the pleadings but that the question of whether or not the oral contract comes within the statute should await the development of the facts upon the trial (see *Kuffler* v. *List,* 144 F. Supp. 776).

The second cause of action seeks a recovery on the theory of *quantum meruit.* The order appealed from also dismisses the second cause of action.

In *Harmon* v. *Peats Co.* (243 N. Y. 473, 476) which involved subdivision 1 of section 31 of the Personal Property Law (contracts not to be performed within one year or completed within a lifetime) the court said: "The complaint in the present case is framed in a double aspect. It is broad enough to permit a recovery on an express contract or on *quantum meruit.* So far as a contract is concerned, the Statute of Frauds or the Statute of Limitations would be relevant but not if a recovery be sought on *quantum meruit.* Treating the action as one to recover on *quantum meruit* the Statute of Frauds could not apply." This was followed by *Smith* v. *Kirkpatrick* (305 N. Y. 66, 73) where the court reiterated the doctrine in the following statement: "In this State where a litigant fails to establish the right to recover upon an express contract he may, in the same action, recover in *quantum meruit.* (*Harmon* v. *Peats Co.*, 243 N. Y. 473, 476; *McKeon* v. *Van Slyck,* 223 N. Y. 392, 399, 401.)" The First Department held in *Gibson* v. *Archer Prods.* (281 App. Div. 661) in an action involving subdivisions 1 and 10 of section 31 of the Personal Property Law that although the Statute of Frauds would apply to that action, if brought upon express contract, it would not constitute a defense to an action brought in *quantum meruit* to recover for services rendered.

We have not overlooked the decisions holding to the contrary in some other States but conclude that under the law of this State the plaintiff may plead a cause of action in *quantum meruit* whether or not his express contract is void under the statute.

The order and judgment appealed from should, therefore, be reversed and the motion denied.

All concur. Present — McCurn, P. J., Vaughan, Kimball, Williams and Goldman, JJ.

Judgment and order reversed on the law, with costs, and motion denied, with $10 costs.