James S. Brown, J.
This is an action for a declaratory judgment to compel the defendant, Cosmopolitan Mutual Insurance Company of New York, hereinafter referred to as “ Cosmopolitan,” to represent and defend the plaintiff in another action. The plaintiff moves for an order pursuant to rule 103 of the Buies of Civil Practice striking out the denials contained in paragraph ‘ ‘ Fourth ’ ’ of the answer and for a further order pursuant to rule 113 of the Buies of Civil Practice for partial summary judgment.
An examination of the papers reveals that one Bose Jahss and Max Jahss instituted another action in this court against the defendant Irving Sass and the plaintiff Margin for personal injuries allegedly resulting from the negligence of Sass as owner and Margin as operator of an automobile. In that action it is alleged that Margin operated the vehicle with the knowledge, permission and consent of the defendant owner Sass. The defendant Cosmopolitan, who had issued a liability insurance policy to Sass, appeared for him in that action and interposed an answer which in addition to denying the allegations of permission and consent to operate the vehicle cross-complained against Margin based upon allegations that when the accident occurred the automobile was not being operated on the business of Sass or with his knowledge and consent and that any damages sustained by the original plaintiffs were caused solely by the negligence of Margin, as the primary tort-feasor, and that if any recovery was had against Sass, then Margin was bound to indemnify him. Cosmopolitan refused to defend or represent Margin in that action. This refusal resulted in the present action.
It is the contention of Margin in this action for a declaratory judgment that on the day of the accident Sass permitted one Barbara Jahss, another defendant herein, to operate his automobile, and that Bose Jahss was a passenger in it; that upon reaching a point in New Jersey, Barbara Jahss requested Margin to operate the automobile and while so doing the accident occurred whereby Bose Jahss was injured. Defendants Sass and Cosmopolitan in this action deny that either Barbara Jahss or Margin had the permission or consent of Sass to operate the Sass vehicle and as a separate defense these defendants allege that the plaintiff herein was not a named or additional assured under the policy of insurance issued by Cosmopolitan and was not entitled to be defended in that other action.
*1042 Defendants Sass and Cosmopolitan have also interpleaded United States Fidelity & Guaranty Company, hereinafter referred to as Fidelity, charging that Fidelity had issued a policy of liability insurance insuring Margin and that Fidelity was obligated under its policy to defend Margin as its assured. . As to the motion addressed to rule 103 of the Buies of Civil Practice, it is the general rule that motions of this character are not favored by the court and will be denied where no harm will befall the moving party. (Muller v. McCormick, 272 App. Div. 1027; Wayte v. Bowker Chem. Co., 196 App. Div. 665; Tesauro v. Tesauro, 112 N. Y. S. 2d 246.) Cosmopolitan while denying the allegations of paragraph “ Seventh ” of the complaint relating to plaintiff’s interpretation of the portion of the Cosmopolitan policy in dispute, admits the issuance of the policy and requests leave to offer in evidence upon the trial the complete policy. Under such circumstances the plaintiff cannot be aggrieved and that part of the motion is therefore denied.
As to that phase of the motion seeking partial summary judgment, the plaintiff Margin is not a named insured and under the terms of the Cosmopolitan policy does not become an insured unless his operation of the vehicle is with the knowledge, permission or consent of the owner expressed in fact dr implied in law. The inclusion of Margin as an assured, under this clause, is not effected by the bare allegations in the complaint for personal injuries, that Margin was operating the car with the consent of the assured Sass. If, in fact, Margin was not so operating the car then under the terms of the policy he does not become an assured and acquires no insurable interest in the policy and is not entitled to the benefits thereof, i.e., a defense of the action, etc. As the defendants have categorically denied that either Barbara Jahss or Margin had received the assured’s consent or permission to drive the vehicle, an issue of fact has been presented which manifestly cannot be ascertained in advance of trial of this declaratory judgment action. The authorities submitted by the plaintiff merely stand for the proposition that an insurer is obligated to defend its named insured, irrespective of the groundlessness or falsity of the claim provided that the action be based upon a claim insured against. (Goldberg v. Lumber Mut. Cas. Co., 297 N. Y. 148.) This has been done herein by Cosmopolitan appearing for Sass. The issue of conflicting interests raised by defendant Cosmopolitan need not be passed upon at this time.
Accordingly the motion is denied in all respects. Submit order.