**Louis O'D LEE, Plaintiff,**

v.

**ST. JOE PAPER COMPANY, Defendant.**

United States District Court
S. D. New York.
Aug. 29, 1961.

———◆———

Conboy, Hewitt, O'Brien & Boardman, New York City for plaintiff; Edward F. Butler, Alexander Holtzman and R. L. Duff, New York City, of counsel.

Weisman, Celler, Allan, Spett & Sheinberg, New York City, for defendant; Irving Rozen and Robert J. Cahn, New York City, of counsel.

METZNER, District Judge.

This is an action in quantum meruit to recover the reasonable value of services alleged to have been furnished by plaintiff in arranging the defendant's acquisition of an interest in or control of a company known as National Board and Paper Mills, Ltd. Plaintiff has moved pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, 28 U.S.C.A. to strike defendant's affirmative defense alleging the statute of frauds, and the affirmative defense alleging that plaintiff has failed to claim that "there are any monies due or owing from defendant to plaintiff."

■ The parties agree that New York law applies to this cause of action and that normally, under that law, the statute of frauds is not a defense to an action in quantum meruit. Harmon v. Alfred Peats Co., 1926, 243 N.Y. 473, 154 N.E. 314. Defendant, however, would have us make an exception to this rule in those actions brought by a business broker seeking to recover the value of his services. It contends that subdivision 10 of Section 31 of the New York Personal Property Law, McKinney's Consol. Laws, c. 41, prohibits recovery for such services unless the statute of fraud provisions are satisfied. The New York courts have rejected this contention and applied the general rule to such transactions. Gibson v. Archer Productions, 1st Dept. 1952, 281 App.Div. 661, 117 N.Y.S.2d 438; Wells v. Dent, 4th Dept. 1957, 4 A.D.2d 307, 164 N.Y.S.2d 646; Spring v. Moncrieff, 1955, 208 Misc. 671, 144 N.Y.S.2d 664; Black v. Fisher, Sup. 1955, 145 N.Y.S.2d 142; Brand v. Gromet, 1956, 3 Misc.2d 991, 148 N.Y.S.2d 613; Kuffler v. List, D.C.S.D.N.Y.1956, 144 F.Supp. 776. Defendant's first affirmative defense is therefore insufficient and must be stricken.

■ Defendant's second affirmative defense, insofar as it rests on plaintiff's failure to plead "monies due or owing from defendant", must also be stricken. The complaint, after detailing the claim in 12 paragraphs, states that the "work, labor and services were of the reasonable value of $175,000." and in the "Wherefore" clause demands judgment against the defendant for that amount. This

satisfies the notice pleading contemplated by Rule 8 of the Federal Rules of Civil Procedure. Dioguardi v. Durning, 2 Cir., 1944, 139 F.2d 774, 775.

So ordered.