Louis B. Heller, J.
Motion pursuant to rule 107 of the Buies of Civil Practice, for dismissal of the first and second causes of action constituting the complaint, on the ground that ‘ ‘ the contract upon which each of said causes of action is founded” is unenforcible under the Statute of Frauds; and in the alternative, for an order striking certain allegations from the complaint pursuant to rule 103 of the Buies of Civil Practice.
The first cause of action alleges in substance that plaintiffs performed, at the request of the defendants, and pursuant to agreement between said parties, certain work, labor and services, to wit: finding bowling centers and restaurants in the City of New York for purchase by the defendants, in consideration of which the defendants agreed to pay a certain specified fee in the form of shares of stock.
It is undisputed that no writing evidencing an agreement for the work, labor and services allegedly to be performed by plaintiffs was signed by either defendant. The alleged agreement, being oral, could not sustain a cause of action based upon express contract, since the agreement as such would be unenforcible as falling within the provisions of the Statute of Frauds (Personal Property Law, § 31, subd. 10). The court is, however, of the opinion that the cause of action as alleged is not based solely on express contract but is also broad enough to permit a recovery on quantum meruit (cf. Harmon v. Peats Co., 243 N. Y. 473, 476; Wells v. Dent, 4 A D 2d 307, 309); and, under such circumstances, the Statute of Frauds does not operate to bar the first cause of action (Gibson v. Archer Prods., 281 App. Div. 661; Wells v. Dent, supra; Black v. Fisher, 145 N. Y. S. 2d 142; Brand v. Gromet, 3 Misc 2d 991; Lee v. St. Joe Paper Co., 197 F. Supp. 229 [U. S. Dist. Ct., S. D. N. Y.]).
Turning to the second cause of action, we find that it alleges that the plaintiffs were induced by the defendant Erwich, president of Metropolis Bowling Centers, Inc., to purchase shares of stock of said corporation for the sum of $5,000, upon Erwich’s agreement to “ repurchase and/or indemnify or guarantee any losses by the plaintiffs in connection with the disposition or sale ” of said shares of stock.
It appears without dispute as regards also the second cause of action that no written memorandum of the agreement alleged in said cause of action was signed by the defendant Erwich. It is contended on behalf of plaintiffs, however, that the plaintiffs’ *246 purchase of the shares of stock from the corporation and the alleged agreement by defendant Erwich to “ repurchase ” the shares of stock in the event any losses were suffered by plaintiffs, constituted parts of a single contract; and, that there was part performance by the plaintiffs, namely, their purchase of the stock, which operated to remove the agreement from the operation of the Statute of Frauds. This contention must be rejected. The reasonable inference to be drawn from the allegations of the second cause of action is that the defendant Erwich, albeit an officer of the corporation, was acting in an individual capacity, and hence as a third party, in agreeing to purchase the shares of stock sold to plaintiffs by the corporation. Viewed as one solely to “ repurchase ” the shares of stock, the alleged agreement of the defendant Erwich constituted an agreement independent of that involved in the original sale transaction and is unenforcible under the Statute of Frauds (Personal Property Law, § 85; Gainsburg v. Bachrack, 241 App. Div. 28, affd. without opinion 266 N. Y. 468; see Hagar v. King, 38 Barb. 200; cf. Johnston v. Trask, 116 N. Y. 136,142). However, to the extent that the agreement, under the allegations of the second cause of action, can be viewed as an agreement other than one to purchase or to guarantee payment by another, it is not rendered unenforcible under the Statute of Frauds. Considered in the foregoing light, the alleged promise may be construed as an agreement to make whole the plaintiffs, by measures other than purchase of the shares of stock held by plaintiffs, for any losses sustained by said plaintiffs as a result of their purchase of the stock from the corporation. It is a promise intended to subserve or promote some personal interest of the defendant Erwich. Since the corporation is not alleged to be a debtor of the plaintiffs or under any obligation to them, the defendant Erwich’s alleged promise is not one to answer for any debt or default of the corporation. So viewed, the defendant Erwich’s alleged agreement constitutes an original promise and not one within the Statute of Frauds (Tighe v. Morrison, 116 N. Y. 263; see Geller v. Tow, 261 App. Div. 773, 776; Block v. Greenfield, 137 Misc. 573). Neither is there any merit to the defendant’s claim that the agreement alleged in the second cause of action is one which, by its terms, is not to be performed within one year and hence that it falls within the provisions of the Statute of Frauds (Personal Property Law, § 31, subd. 1). There existed a possibility of complete performance of the alleged agreement, by its terms, within one year, and hence the Statute of Frauds does not apply (Mar-Bond Beverage Corp. v. Dublin Distrs, 9 A D 2d 951; Martocci v. Greater New York Brewery, 301 N. Y. *247 57, 62). The motion to dismiss under the Statute of Frauds, addressed to the second cause of action, is, therefore, denied.
The alternative branch of defendants’ motion seeking to have matters stricken from the complaint under rule 103 of the Rules of Civil Practice, is likewise denied, since the defendants do not in any event, claim or appear to be prejudiced by inclusion in the complaint of the matter objected as improper (Nasmie Constr. Co. v. Quasman, 215 App. Div. 724; Margin v. Cosmopolitan Mut. Cas. Co., 12 Misc 2d 1040). The defendants’ motion is in all respects denied.