John L. RAYWARD, Plaintiff-Appellant,

v.

Joachim SILBERMANN, Defendant-Appellee.

No. 147, Docket 29951.

United States Court of Appeals Second Circuit.

Argued Nov. 12, 1965.

Decided Feb. 10, 1966.

A. Hayne DeYampert, New York City (White & Case and Thomas McGanney, New York City, on the brief), for plaintiff-appellant.

Milton S. Gould, New York City (Shea, Gallop, Climenko & Gould and Martin I. Shelton, New York City, on the brief), for defendant-appellee.

Before LUMBARD, Chief Judge, and FRIENDLY and SMITH, Circuit Judges.

LUMBARD, Chief Judge:

John L. Rayward appeals from a judgment for the defendant, Joachim Silbermann, in a diversity action wherein he sought to recover compensation for services as a finder either under an oral contract or in *quantum meruit*. The trial judge dismissed the contract claim at the conclusion of Rayward's proof, on the ground that recovery on the oral agreement would be barred by the Statute of Frauds and because Rayward had failed to show that he had performed as he had not found the purchaser. On the second count, for *quantum meruit*, the jury found for the defendant. We affirm the judgment, although we disagree with the district court's finding that the Statute of Frauds was a bar to recovery on the alleged contract.

Rayward's claim arises from the sale of the assets of the Fort Wayne Corrugated Paper Company to Continental Can Company, Inc. in 1959. Fort Wayne's assets included a valuable 40% interest in Southern Paper-Board Corporation and four paper box plants, and it was obligated to purchase 40% of Southern's paper production. In 1956 Silbermann was retained by Fort Wayne to sell its assets for 2½% of the selling price. In November 1957 Silbermann was introduced to Rayward and allegedly agreed to compensate him if he could help find a buyer for the assets. Rayward produced the St. Joe Paper Co. which conducted negotiations until April 1958. Continental Can agreed to buy the assets in March 1959, and on the same day that it consummated the purchase in June it sold three of the box plants and the Southern paper contract to the St. Joe Paper Co. After Silbermann was

paid his commission by Fort Wayne, Rayward claimed that it was his "find" of St. Joe which made possible the sale to Continental and Silbermann's commission. When Silbermann denied he was entitled to any part of the commission Rayward brought suit in the New York Supreme Court and Silbermann then removed the case to the federal court.

Appellant asserts the jury's verdict was against the weight of the evidence and that it was infected by numerous evidentiary rulings. He further attacks the conduct of opposing counsel and the trial judge and urges that all these errors require a new trial. We find no merit in these contentions.

■ There was ample evidence to allow the jury to conclude that Rayward did not perform any services of any value to Silbermann or which resulted in the sale of the Fort Wayne assets to Continental. The connection between appellant's activities in late 1957 and the final sale in 1959 is highly tenuous. There was no concrete evidence whatsoever that the find of St. Joe in 1957 had anything to do with the sale to Continental in 1959 other than speculation based on the subsequent resale to St. Joe. On the other hand there was an abundance of evidence that St. Joe had informed Silbermann in April 1958 that it did not want to purchase the assets of Fort Wayne at that time and that its eventual purchase occurred after it independently submitted the highest among several bids offered to Continental on the resale. This is more than sufficient to support the jury's conclusion that the ultimate sale was an independent development in no way related to the action of Rayward in locating St. Joe.

■■ Appellant's attack on the trial judge for interference and bias is misplaced. The questioning and comments were well within the judge's discretion in trying to bring some order and coherence out of a confusing presentation. We need not and do not examine any claims of error in the charge to the jury as appellant took no exception to the charge at the trial. Rule 51, Fed.R.Civ.Proc. Nor do we find any prejudicial error in any of the court's rulings of which the appellant complains.

■ The trial judge dismissed the first count for recovery under an express oral contract, based on the conversation between Rayward and Silbermann, on the grounds that it was barred by the Statute of Frauds, New York Personal Property Law § 31(1) and (10), now New York General Obligations Law, McKinney's Consol.Laws, c. 24–a, § 5–701. The parties agree that the New York law governs. The first subdivision of § 31 applies to a contract which "by its terms is not to be performed within one year." The agreement claimed was a promise by Silbermann to cause Fort Wayne to enter a contract to sell paperboard to the plaintiff for three to five years. Rayward does not claim that Silbermann promised to enter into such a contract himself. Rayward could have found the buyer within one year and Silbermann could have had Fort Wayne sign the contract within one year. 2 Corbin, Contracts § 283 (1950 ed.). In such a case the statute does not apply. Nat Nal Service Stations, Inc. v. Wolf et al., 304 N.Y. 332, 107 N.E.2d 473 (1952).

■ Nor does subdivision 10 of § 31 of the Personal Property Law bar this unwritten agreement. Before its amendment in 1964 it expressly applied to contracts to pay compensation for services rendered in "negotiating" a sale. Although the law was never definitively construed by the New York Court of Appeals the weight of authority held that "negotiating" did not include acting as a finder. Ames v. Ideal Cement Co., 37 Misc.2d 883, 235 N.Y.S.2d 622 (N.Y.Co. Sup.Ct.1962); Wells v. Dent, 4 A.D.2d 307, 164 N.Y.S.2d 646 (4th Dept. 1957). Thus we think it was error for the judge to dismiss count one on the ground that it was barred by the New York Statute of Frauds.

■ However, we affirm the dismissal of the first count because there was insufficient evidence to allow a

jury to conclude that Rayward had performed his part of the alleged contract. He claimed that the contract called for him to find a buyer who would make possible the sale of Fort Wayne's assets. As we have stated, there was no evidence of any substance in the record to indicate that the find of St. Joe in 1957 had anything to do with the sale to Continental in 1959. We are fortified in this view by the jury's refusal to find even nominal damages for Rayward on the *quantum meruit* count since the contract he claimed to perform—to facilitate the sale of the Fort Wayne assets—is identical to the benefit he claimed he bestowed upon the defendant and for which he was denied recovery by the jury.

Judgment affirmed.