Sam D. ROGERS, Appellant,

v.

T. P. ELLSWORTH, Appellee.

No. 885.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Nov. 14, 1973.

Rehearing Denied Dec. 5, 1973.

Louis B. Paine, Jr., Darrel A. Rice, Butler, Binion, Rice, Cook & Knapp, Houston, for appellant.

Dan G. Matthews, Fulbright, Crooker & Jaworski, Houston, for appellee.

COULSON, Justice.

This is an appeal from a judgment on the verdict against appellant Sam D. Rogers, defendant below, in a contract suit to recover a commission brought by T. P. Ellsworth, appellee.

Appellant was the majority shareholder of Rogers Explorations, Inc. ("REI"). Appellee was a "broker or 'finder'" of business transactions in the geophysical exploration industry. Appellant expressed to appellee his desire to sell his stock, hopefully to a company which would merge or operate REI as a subsidiary. An agreement was reached, under which appellee proceeded to interest various prospects in REI, including Whitehall Electronics Corporation. Whitehall bought all of appel-

lant's stock in REI, but appellant refused to pay the agreed fee of three percent (3%) of the gross sales price.

Appellee's petition alleged that he was a "broker or 'finder'" and that his fee was for "locating such a buyer." Appellant's answer asserted that suit was foreclosed because appellee failed to plead a securities license. In his amended petition, appellee replied that he enjoyed an exemption under the applicable statute. He testified at trial that his agreement to act as a finder did not contemplate the sale of securities.

■ Appellant asserts that this is a suit for the collection of a commission from the sale of securities. The Texas Securities Act requires a plaintiff who seeks to recover a commission on the sale of securities to plead and prove he has a license. Tex.Rev.Civ.Stat.Ann. art 581–34 (1964). Appellee admitted he did not have a license, and appellant urges that this suit was thus barred.

This case is governed by Hall v. Hard, 160 Tex. 565, 335 S.W.2d 584 (1960). There a petition similar to the petition involved here and testimony of a weaker nature than that of appellee's were held to raise a fact issue as to whether the sale consisted in part of the sale of securities. Plaintiff had the burden of proof on that issue. No such issue was requested nor was an objection made to the failure to submit such an issue. Since in the Hall case the judgment was rendered non obstante veredicto, the Court remanded the case for the trial judge to make a finding of fact on the issue. On remand the trial judge found that the contract did not contemplate or include the sale of securities. D. C. Hall Transport, Inc. v. Hard, 355 S.W.2d 257, 258 (Tex. Civ.App.—Fort Worth 1962, writ ref'd n. r. e.).

■ From the Hall case, it is clear that one of the elements of this ground of recovery is that the contract did not contemplate or include the sale of securities. In the case at bar, a fact question was raised by the testimony. Appellee did not object to the failure to submit this issue. The judgment below was entered on the verdict rather than non obstante veredicto as in the Hall case. Thus, the issue is a deemed issue in support of the judgment, because only one ground of recovery was asserted and this issue was necessarily referable to it. Texas Rules of Civil Procedure, rule 279.

■ Although not explicitly delineated in the previous case law of this state, Texas law recognizes the distinction between finders and stockbrokers. The Hall case is premised on such an implied recognition. A finder is an intermediary who contracts to find and bring parties together, but he leaves the ultimate transaction to the principals; he is the procuring cause, and his function ceases when negotiations between the principals begin. Annot., 24 A.L.R. 3rd 1160 (1969). The distinction between a finder and a licensed securities dealer has long led courts to hold that a finder is not precluded from recovering his fee by statutes requiring a broker to possess a license. Shaffer v. Beinhorn, 190 Cal. 569, 213 P. 960 (1923); Seckendorff v. Halsey, Stuart & Co., 229 App.Div. 318, 241 N.Y.S. 300 (1930).

Appellant also asserts that Special Issues Nos. 1, 2, and 3 are not supported by appellee's pleadings. These issues asked whether appellee set in motion a sequence of events leading to the sale, whether a contract existed, and what commission was provided for in the contract. These issues were raised by appellee's original petition.

Affirmed.