**LEHMAN BROTHERS, INCORPORATED, Appellant,**

v.

**SUGARLAND INDUSTRIES, INC., Appellee.**

**No. 1327.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

May 5, 1976.

Rehearing Denied May 26, 1976.

David T. Harvin, Vinson, Elkins, Searls, Connally & Smith, Houston, for appellant.

John L. McConn, Jr., Robert M. Hardy, Jr., Butler, Binion, Rice, Cook & Knapp, Houston, for appellee.

COULSON, Justice.

This is a summary judgment case. Lehman Brothers, Incorporated sued Sugarland Industries, Inc. for $600,000 claimed as a 2% finder's fee owed by virtue of a contract. On the motion of Sugarland, summary judgment was entered that Lehman Brothers take nothing. We reverse and remand.

■ As movant for summary judgment Sugarland has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Cook v. Brundidge, Fountain, Elliott & Churchill,* 533 S.W.2d 751, 759 (Tex.1976). The sole issue is whether Sugarland has met its burden.

Lehman Brothers is an investment banking and stock brokerage house, duly licensed in Texas as a securities dealer. Sugarland is a closely held Delaware corporation. In early 1970, Sugarland's principal assets were 7,100 acres in Fort Bend County. The directors of Sugarland resolved to find an entity with which to merge or arrange some form of a tax-free exchange of stock. Lehman Brothers was employed by Sugarland on an exclusive nine month basis to find a buyer of Sugarland's stock or a merger partner for Sugarland.

After the expiration of the initial nine months, the finder's agreement between Sugarland and Lehman Brothers was extended. Lehman Brothers found White & Hill, a partnership, which was interested in buying Sugarland. An agreement was reached whereby White & Hill would purchase 78% of Sugarland's stock for $23,800,-000. Sugarland would then be dissolved and White & Hill would receive a major portion of Sugarland's realty in exchange for its 78% of Sugarland stock. The holders of approximately 90% of Sugarland's stock approved this agreement.

Because a minority of Sugarland's shareholders owning 1.47% of its stock opposed the agreement between Sugarland and White & Hill, a restructuring of the transaction was agreed whereby Sugarland would sell 5,900 acres of its property to White & Hill for cash and a promissory note. An earnest money contract containing the sale agreement was executed between White & Hill and Sugarland's president. Sugarland's board of directors approved the sale.

An action was brought in the Chancery Court of New Castle County, Delaware by the minority group of Sugarland shareholders to enjoin Sugarland from receiving votes to approve the sale to White & Hill. The injunction was issued and it was further ordered that Sugarland use its best efforts to sell the property and in no event accept an offer upon terms less favorable than those offered by a prospective purchaser located by the minority group of Sugarland shareholders.

In compliance with the Delaware court's order, Sugarland put its property up for competitive bids and sold it to the Gerald D. Hines Interests for the highest bid of $37,000,000.

In *Rogers v. Ellsworth,* 501 S.W.2d 756, 757 (Tex.Civ.App.–Houston [14th Dist.] 1973, writ ref'd n. r. e.), this court stated: that Texas law recognizes a distinction between finders and stockbrokers; that a finder is an intermediary who contracts to find and bring parties together, leaving the ultimate transaction to the principals; that a finder is not precluded from recovering his fee by statutes requiring a broker to possess a license; and that a finder's function ceases when negotiations between the principals begin.

Sugarland contends that the Texas Real Estate License Act, in force at the time of this contract precluded, a finder's fee exception because of its unique language which defined a Real Estate Broker as one who:

Procures or assists in the procuring of prospects, calculated to result in the sale, exchange, leasing or rental of real estate.
Tex.Rev.Civ.Stat.Ann. art. 6573a § 4(1)(j) (1969). We do not reach the question of whether an unlicensed finder is precluded from recovering his fee by reason of the Texas Real Estate License Act governing this suit.

■ Lehman Brothers contends that it was employed to find a buyer of Sugarland's stock or a merger partner for Sugarland, not to procure a purchaser for Sugarland's real estate. Sugarland contends that Lehman Brothers is seeking to recover a commission for locating a buyer for its Fort Bend County realty. Sugarland argues that the sale for which a commission is claimed determines if one is engaged in the real estate business and thereby required to be licensed under the former Texas Real Estate License Act and recover a commission thereunder.

■ Whether Lehman Brothers was employed to procure a buyer of Sugarland's realty or to procure a buyer of Sugarland's stock is a disputed material question of fact. The nature of the contract is the controlling question, not the form which the principals' transaction ultimately takes. As stated in *Thywissen v. FTI Corporation,* 518 S.W.2d 947, 950 (Tex.Civ.App.–Houston [1st Dist.] 1975, writ ref'd n. r. e.):

The essential question presented by the rationale of *Hall* [*v. Hard,* 160 Tex. 565, 335 S.W.2d 584], is whether, the agreement . . . contemplated the sale of real estate or the sale of securities.

■ Even if we were to accept Sugarland's argument that the ultimate transaction being a sale of realty governs Lehman Brothers' right to a finder's fee, they would still not have established their right to judgment as a matter of law. The Texas Real Estate License Act governing this suit provided:

The provisions of this Act shall not apply to the advertising, negotiation or consummation of any purchase, sale, rental or exchange of, or the borrowing or lending money on, real estate by any person, firm, or corporation when such person, firm or corporation does not engage in the activities of a Real Estate Broker as an occupation, business or profession on a full or part-time basis.
Tex.Rev.Civ.Stat.Ann. art. 6573a § 6(1) (1969). Accepting Sugarland's argument that Lehman Brothers was employed to act as a Real Estate Broker, a question of fact would still exist as to whether Lehman Brothers could prove an exemption under § 6(1) of the Act.

Sugarland contends that the contract with Lehman Brothers was dependent upon

the consummation of a sale or trade with the principal found by Lehman Brothers. The nature of the contract between Lehman Brothers and Sugarland is a fact question which precludes the granting of a summary judgment.

Material questions of fact being present, and Sugarland not having shown itself entitled to judgment as a matter of law, the summary judgment that Lehman Brothers take nothing is reversed and the cause remanded for trial.