**Albert STAHL et al., Appellants,**

v.

**E. Harrison PRESTON et al., Appellees.**

**No. 15581.**

Court of Civil Appeals of Texas,
San Antonio.

Sept. 8, 1976.

Abraham D. Ribak, San Antonio, for appellant.

W. R. Simcock, Cox, Smith, Smith, Hale & Guenther, William E. Schmidt, Duke, Branch & Schmidt, San Antonio, for appellee.

BARROW, Chief Justice.

Appellants, Albert Stahl and John Etheridge, have perfected their appeal from a take-nothing summary judgment granted appellees, E. Harrison Preston and Kenneth Rice, in appellants' suit to recover six percent of the sales price paid by Rice for purchase of bank stock from Preston.

Appellants are licensed real estate brokers, but neither is licensed under the provisions of the Securities Act, and the principal question presented is whether they are barred from recovering a commission or compensation by § 34 of this Act.[1] Appellants urge that they were employed as a "finder" rather than as a broker and no license was required. A finder has been defined as an intermediary who contracts to find and bring the parties together, but he leaves the ultimate transaction to the principals; he is the procuring cause, and his function ceases when negotiations between

---

1. Tex.Rev.Civ.Stat.Ann. art. 581–34 (1964).

   "No person or company shall bring or maintain any action in the courts of this state for collection of a commission or compensation for services rendered in the sale or purchase of securities, as that term is herein defined, without alleging and proving that such person or company was duly licensed under the provisions hereof . . . ."

the principals begin. It is recognized that if, in addition to finding a buyer, seller, lender, or borrower, the unlicensed individual goes further and helps to conclude the transaction, compromising or composing differences between the parties, by way of example, he may not recover an agreed compensation. This distinction between a "broker" and a "finder" has been recognized in some states and at least suggested by one Texas case. See *Rogers v. Ellsworth,* 501 S.W.2d 756 (Tex.Civ.App.— Houston [14th Dist.] 1973, writ ref'd n. r. e.); *Tyrone v. Kelley,* 9 Cal.3d 1, 106 Cal. Rptr. 761, 507 P.2d 65 (1973); Annot., 24 A.L.R.3d 1160 (1969).

It is not necessary for us to determine if this narrow distinction is recognized in Texas in that the oral depositions of appellants, which were made a part of the summary judgment record, establish that appellants' participation in this transaction went far beyond the limited activities permitted a finder.

On October 3, 1974, appellants were given a non-exclusive listing by Preston to sell a 1,400-acre ranch in Comal County. In the course of the conversation between the parties in connection with this ranch listing, Preston indicated he would like to go into the oil business and that he would pay appellants a six percent commission if they sold a 78-acre ranch located near Sattler, along with his majority stock in the Canyon Lake State Bank at Sattler. Preston said he would not pay a commission for selling the bank stock alone in that the stock could be easily sold by him without the help of a broker.

Stahl had previously shown two ranches to Ken Rice and, therefore, contacted him in regard to purchase of this ranch and the bank stock. Rice said he was not interested in the land, but was definitely interested in purchasing the bank stock. When informed by Stahl that Preston would not pay a commission on the sale of the bank stock alone, Rice agreed to pay the commission if Preston would sell the stock.[2] Etheridge

testified that Preston subsequently recognized that the land market was depressed at that time and agreed to pay a six percent brokerage fee for the sale of the bank stock alone. On December 16, 1974, Rice and Preston signed a contract whereby Rice purchased 12,122 shares of the bank stock from Preston for $38.89 per share. Appellants were not parties to this agreement, but, upon learning of same, filed this suit seeking to recover six percent of the purchase price from either of appellees.

The testimony of appellants establishes that they played an active and significant role in the negotiations which eventually led to the sale of the bank stock. Over a period of approximately ten weeks they made a minimum of three trips a week to Sattler to see Preston at the bank. In addition, Etheridge telephoned Preston over thirty times during this period. About the same amount of time was spent by Stahl with Rice. Appellants transmitted both verbal and written information between the parties, including an unaccepted offer by Rice. Their efforts were directed towards keeping Rice interested in the bank stock while they tried to find a purchaser for the 78 acres or, as finally occurred, to get Preston to agree to sell the bank stock without the ranch. Appellants' role was described by Etheridge as follows: "When you think you have a prospect, you don't let him cool off; you keep going back and took [sic] what little information we could find out, like the Daily Statements and information that we could get from Harry Preston as to how he might deliver."

This record establishes as a matter of law that the agreement between appellants and each of the appellees contemplated the sale of bank stock. Since neither appellant was licensed to sell securities, each is precluded from recovery by the express provisions of the Securities Act. *Hall v. Hard,* 160 Tex. 565, 335 S.W.2d 584 (1960); *Thywissen v. FTI Corporation,* 518 S.W.2d 947 (Tex.Civ. App.—Houston [1st Dist.] 1975, writ ref'd n.

2. There is a dispute in the testimony concerning this promise; however, on this summary judgment proceeding, we must adopt the version given by Stahl.

r. e.); *Fry v. Shaw,* 508 S.W.2d 142 (Tex. Civ.App.—Dallas 1974, writ ref'd n. r. e.).

The judgment is affirmed.