Dwain EVANS and Houston Southwest
Corporation, Appellants,

v.

PRUFROCK RESTAURANTS, INC.,
Gene Street and Phillip
Cobb, Appellees.

No. 05–87–01017–CV.

Court of Appeals of Texas,
Dallas.

June 21, 1988.

Rehearing Denied Oct. 3, 1988.

Nancy M. McCoy, Glickman & Barnett, Houston, for appellants.

Alan S. Loewinsohn, Andrew G. Jubinsky, Dallas, for appellees.

Before STEPHENS, HECHT and KINKEADE, JJ.

STEPHENS, Justice.

Evans appeals from a grant of summary judgment which denies him the right to a finder's fee based on an oral contract. The trial court found that real estate was sold and, therefore, the Real Estate License Act was controlling. The trial court held that the contract had to be in writing so as to conform to the Statute of Frauds provision of the Act in order for Evans to collect his fee. We disagree and, accordingly, reverse and remand.

Mr. Kurzon, the vice-president of Casa Bonita, a subsidiary of Unigate, called Evans and asked him to search for a chain of restaurants that would be interested in selling. Evans, after some preliminary investigation, decided that Prufrock, Inc., which was the owner of the Black-eyed Pea and Dixie House restaurants, was a suitable candidate. Evans contacted Phillip Cobb, part owner of the Prufrock corporation, and set up a meeting to discuss Cobb's interest in selling the restaurants. At the meeting Cobb and Street, the other owner of Prufrock, discussed their interest in selling Prufrock. Although Prufrock indicated that it had been working with an investment banking firm, it was, nevertheless, interested in talking with the prospective buyer. Evans alleges that he was assured by Prufrock at this meeting that if he could find a purchaser who would actually buy the restaurants, he would be rea-

sonably compensated. Relying on this assurance, Evans proposed a second meeting that would include Kurzon, vice president of Casa Bonita. At the second meeting Kurzon and Evans met with Prufrock to discuss the possibilities of acquisition. Six days later the president of Casa Bonita and Prufrock met in order to get acquainted: there were no specific negotiations although, Street claims that he advised Casa Bonita that Alex Brown, an investment banking firm, was representing Prufrock. Soon after this meeting Evans sent a written brokerage agreement to Cobb providing for a three percent commission to Evans. Evans claims that this was appropriate because he had brought together a buyer and a seller, and should the transaction be consummated, he was entitled to a commission. Prufrock, upon receipt of the agreement, phoned Evans and told him that it refused to sign the agreement. Unigate and Prufrock eventually entered into an agreement whereby Unigate would buy the corporate stock of Prufrock. This transaction was handled by Alex Brown, the investment banking firm, which was paid a two percent commission on the sale price of Prufrock for a variety of services rendered. Prufrock denied the existence of any oral contract for a brokerage commission, and alternatively, alleged that, even if such a contract did exist, it had to be in writing in order to not violate the Statute of Frauds provision of the Real Estate License Act. Prufrock refused to pay and Evans then instituted this law suit claiming breach of an oral contract.

The trial court determined that the sale of the restaurant chains was a real estate transaction, and was therefore governed by the Real Estate License Act. The trial court stated that under the Act the contract for a brokerage commission would have to be reduced to writing in order to not violate the Statute of Frauds provision of the Act. Evans challenges this finding in his first point of error. The Act generally binds those persons or business entities which engage in the real estate business. The questions of whether a finder falls within the purview of the Act and when a commission is validly deserved have generated a fair amount of case law.

In *Hall v. Hard*, 160 Tex. 565, 335 S.W. 2d 584 (1960) the essential question presented by the case was whether the agreement contemplated the sale of real estate or the sale of securities. The *Hall* case held that the nature of the contract is a question of fact that must be submitted to a jury. The line of cases following the *Hall* case has consistently held that it is a question of fact that the jury must decide as to the nature of the contract. As was stated in *Lehman Bros., Inc. v. Sugarland Industries*, 537 S.W.2d 121 (Tex.Civ.App.— Houston [14th Dist.] 1976, writ ref'd n.r.e.): "The nature of the contract is the controlling question, not the form which the principals' transaction ultimately takes." *Id.* at 123. There is no question that if the transaction primarily dealt with real estate the Act would apply. However, based on the facts before this Court we do not agree that the nature of the contract was the sale of real estate.

■ The record reflects that Casa Bonita asked Prufrock to make its best effort to get extensions on its leases; however, there is nothing in the record before us to reflect that the extensions were a condition precedent. Conditions precedent to an obligation to perform are those acts which must occur subsequently to the making of the contract that must occur before there is a right to immediate performance and before there is a breach of contractual duty. *Hohenberg Brothers Co. v. George E. Gibbons and Co.*, 537 S.W.2d 1, 3 (Tex.1976). A condition precedent is not reflected in this record. In fact the record indicates that Prufrock was to make only its best efforts to extend the leases. There is no indication that the transaction would have fallen through had Prufrock been unsuccessful in its lease negotiations. Furthermore, all of the lease negotiations were handled internally, within the Prufrock corporate structure. Casa Bonita was in no way involved in any lease negotiations or extensions.

■ The record further indicates that the transaction was the sale of a personalty

rather than realty. There was no assignment of assets, but instead there was the sale of capital stock. It is a well established fact that the sale of stock is personalty not real estate. *Griffith v. Jones,* 518 S.W.2d 435 (Tex.Civ.App.—Tyler 1974, writ ref'd n.r.e.); *City of Fort Worth v. Southland Greyhound Lines, Inc.,* 123 Tex. 13, 67 S.W.2d 361 (1933); *A.J. Robbins & Co. v. Roberts,* 610 S.W.2d 854 (Tex.Civ.App.—Amarillo 1980, writ ref'd n.r.e.); *Engel v. Teleprompter Corp.,* 703 F.2d 127 (5th Cir. 1983), *appeal after remand,* 732 F.2d 1238 (1984). We hold that the Real Estate License Act does not apply.

■ There is a fact issue as to whether appellant is entitled to a finder's fee, therefore, the grant of summary judgment cannot be sustained. Accordingly, we reverse and remand.