Terry Scarborough, Jenkins & Gilchrist, Austin, for appellant.

Jack C. O'Donnell, Shapiro, Edens & Cook, Austin, for appellee.

Before POWERS, GAMMAGE and ABOUSSIE, JJ.

GAMMAGE, Justice.

Ted Gray, Inc. (Gray) appeals from an adverse summary judgment in the district court, arising from his suit against Taco Villa, Inc. (TVI) to recover a fee for consultation and investment advice in connection with the sale of TVI or public offering of its stock. We will reverse the summary judgment and remand the cause for trial.

On May 20, 1983, Gray entered into a contract with TVI "for consulting and investment advisory services in connection with the sale of or a public offering of TVI." The contract, signed by Bobby Cox, President and primary shareholder of TVI, provided that if TVI closed any sale or public offering, initiated with the assistance of Gray at any time before the expiration of 12 months from the date of the contract, Gray would receive a percentage of the sale price of 1¼ percent of the gross amount raised by a public offering.

Gray hired Jerold Wizowaty to generate buyer interest and Wizowaty subsequently called and corresponded with W.R. Grace Co. (Grace) about the possibility of acquiring TVI. Although aware of these contracts with Grace, Cox subsequently decided to offer TVI stock publicly rather than by private sale, and in July 1983, terminated his contract with Gray.

In June 1984 Cox entered direct negotiations with Grace, leading in May 1985 to a merger between TVI and Creative Fun 'N Food, a subsidiary of Grace.

**TED GRAY, INC., Appellant,**

v.

**TACO VILLA, INC., Appellee.**

**No. 3–88–051–CV.**

Court of Appeals of Texas,
Austin.

Oct. 12, 1988.
Rehearing Denied Nov. 23, 1988.

Gray seek compensation from TVI pursuant to the May 1983 contract, claiming his contact with Grace resulted in the 1985 merger. The trial court granted summary judgment for TVI based on TVI's assertion that the Real Estate License Act (the "Act"), Tex.Rev.Civ.Stat.Ann. art. 6573a (Supp.1988), precludes Gray from recovering a fee as a matter of law because he is not a licensed broker under the Act.

Gray contends in his first point of error that the trial court erred in granting summary judgment for TVI because the Act does not preclude his recovery of earned fees as a matter of law.

When reviewing a summary judgment we determine whether a disputed material fact issue exists, accepting as true the non-movant's version of the facts and summary judgment proof in the record, indulging every reasonable inference and resolving every doubt in favor of the non-movant. *Bayouth v. Lion Oil Co.*, 671 S.W.2d 867 (Tex.1984). The movant must show that there is no genuine issue of material fact on any essential element and that he is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546 (Tex.1985); see generally, Hittner, *Summary Judgments in Texas*, 22 Houst.L.Rev. 1109 (1985).

The May 1983 contract specifies that Gray was to consult with and advise Taco Villa on the sale or public offering of TVI. It does not specify whether the sale would include TVI assets, its stock, or both. The compensation agreement between Gray and Wizowaty states that Wizowaty will earn a fee for the sale of the assets or stock of TVI. Although it is not dispositive, we also observe that in the ultimate merger no sale of real estate occurred.

Ted Gray's affidavit states he is an investment advisor, licensed by the Securities and Exchange Commission and the State of Texas, and that Cox's real estate broker referred Cox to him because Cox needed advice concerning a possible public offering, private sale or merger of TVI.

TVI cites *Thywissen v. FTI Corporation*, 518 S.W.2d 947 (Tex.Civ.App.1975, writ ref'd n.r.e.), asserting that if the May 1983 agreement contemplated the sale of real estate, the Act bars Gray's recovery. TVI argues that the deposition testimony of Ted Gray and Wizowaty, which contains admissions that real estate *could* constitute a portion of TVI's assets which *might* be sold, establishes as a matter of law that the parties contemplated the sale of real estate under the contract. We disagree.

What was contemplated under the contract depends on the intent of the parties to the contract. Wizowaty was not a party to the contract between Gray and TVI. If a contract is unambiguous, its terms are deemed to express the parties' intent. *A.R. Clark Investment Company v. Green*, 375 S.W.2d 425, 437 (Tex.1964). Where, as here, the terms of the contract are ambiguous, intent "is a fact question uniquely within the realm of the trier of fact because it so depends upon the credibility of the witnesses and the weight to be given to their testimony." *Spoljaric v. Percival Tours, Inc.*, 708 S.W.2d 432, 434 (Tex.1986). Summary judgment proof of Gray's intent ranges from equivocal to conflicting, and there is no proof of TVI's intent. Such proof is inadequate to meet TVI's burden to show there exists no genuine issue of material fact. Gray's first point of error is sustained.

Because of our disposition herein, we need not reach Gray's second point of error. The judgment of the trial court is reversed and the cause is remanded for trial.